UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MAWULE TEPE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:23-CV-00144-DCLC-CHS |
| WHIRLPOOL CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Mawule Tepe's Motion to Change Venue [Doc. 17], in which he "requests that this Court change venue in his case[] to Bradley County Civil Circuit Court, in Cleveland[,] Tennessee," [*id.* at 1]. The Court construes his motion to change venue as a motion to remand, and for the reasons herein, the Court will deny his motion.

**I. BACKGROUND**

Mr. Tepe, who is acting pro se, is all too familiar to the Court. About two years ago, the Court declared him a vexatious litigant and permanently enjoined him from filing suit in this district after he had filed an "onslaught of lawsuits and motions." [Order at 2, *In re Mawule Tepe*, No. 1:23-mc-00025 (E.D. Tenn. Jan. 11, 2024), ECF No. 3]. Some of these lawsuits had originated in state court, and the defendants' attorneys in those cases had removed them to this Court. [*Id.* at 4]. This case is one of those cases.

In May 2023, Mr. Tepe, who alleges that he was a former employee of Defendant Whirlpool Corporation, sued Whirlpool in the Circuit Court for Bradley County, Tennessee. The caption of his complaint reads, "Workers Compensation Complaint." [State-Court Compl., Doc. 1-1, at 3], and the captain of his lone claim reads, "Violation of Tennessee Workers

Compensation Laws," [*id.* at 7]. The workplace injury that he complains of is emotional distress. *See* [*id.* at 1 ("Plaintiff . . . is a former Whirlpool Corporation's employee who was injured emotionally and psychologically at work[.]"). Specifically he alleges that he "sustained work injuries," namely in the form of "severe emotional distress," that "emanated from his former managers['] . . . . unreasonable and outrageous" conduct. [*Id.* at 2, 3, 5]. He further alleges that his former managers "intended to cause [him] emotional distress," [*id.* at 6], and that their alleged conduct was "outrageous," [*id.* at 5].

Whirlpool removed Mr. Tepe's case to this Court, claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). [Notice of Removal, Doc. 1, at 2], and in response, Mr. Tepe "requests that the Court change venue in his case[] to the Bradley County Civil Circuit Court," a request that the Court liberally construes as a motion to remand. Having carefully considered the parties' arguments, the Court will now rule on Mr. Tepe's motion.

## II. Removal under 28 U.S.C. § 1446

Under 28 U.S.C. § 1441, a state action is removable to federal court only when "district courts of the United States have original jurisdiction" over that action. 28 U.S.C. § 1441(a). A defendant initiates removal by filing a notice of removal, which must contain "a short and plain statement of the grounds for removal." *Id.* § 1446(a). As a general rule, courts look to "the pleadings filed by the plaintiff" at the time of removal to determine whether a case is in fact removable. *Union Planters Nat'l Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) (citations omitted); *see Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) ("We look to the complaint at the time of removal and determine whether the action was properly removed in the first place." (internal citation and citation omitted)); *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("[T]he determination of federal

2

jurisdiction . . . is made as of the time of removal."). Under the well-pleaded complaint rule, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar*, 482 U.S. at 392 (footnote omitted).

The burden rests on the party requesting removal—that is, the defendant—to show that removal is proper, or in other words, that subject matter jurisdiction exists. *Ahearn*, 100 F.3d at 453–54; *see Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The party seeking removal bears the burden of establishing its right thereto."). "[I]f any one [a] plaintiff's claims depends on the application of federal law, the entire case may be removed," *Nessel on Behalf of People of Mich. v. Embridge Energy, LP*, 104 F.4th 958, 965 (6th Cir. 2024), but because federal courts are courts of limited jurisdiction, they resolve doubts about their jurisdiction by favoring remand, *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

### III. ANALYSIS

In moving the Court to remand this case, Mr. Tepe, citing 28 U.S.C. § 1445(c), argues that "State Court has exclusive jurisdiction over workers compensation" claims. [Pl.'s Mot. to Remand at 1]. Section 1445(c) does indeed foreclose the removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State," 28 U.S.C. § 1445(c), and it "prevents removal of cases 'arising under' state workers' compensation law even where there is diversity of citizenship between the parties," *Snuggs v. Excel Mfg. of Ky., Inc.*, No. 98-5847, 1999 WL 623747, at *1 (6th Cir. 1999) (citing *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995)). Acknowledging this statute, Whirlpool concedes that, "[t]o the extent Plaintiff has stated a claim for workers' compensation benefits . . . this court should not exercise jurisdiction over it," [Notice of Removal at 2 n.1], but it argues that removal is proper because

3

Mr. Tepe's "actual claim sets out a claim for intentional infliction of emotional distress, not a claim for benefits under the workers' compensation statute," [*id.* at 2].

"A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Nixon v. Waste Mgmt., Inc.*, 156 F. App'x 784, 786 (6th Cir. 2005) (quotation omitted). Whether Mr. Tepe realizes it or not, he is relying on the doctrine of respondeat superior—a doctrine that imposes liability on a principal in tort—in seeking to hold Whirlpool liable for its employees' conduct. *See Binns v. Trader Joe's East, Inc.*, 690 S.W.3d 241, 247 (Tenn. 2024) ("Under the common law doctrine of respondeat superior, 'an employee may be held liable for the torts committed by his or her employees while performing duties within the scope of employment.'" (quotation omitted)). In addition, although Tennessee's workers' compensation laws offer the exclusive remedy for an injury occurring in the workplace, *see* Tenn. Code Ann. § 50-6-108(a), Mr. Tepe's allegation that the injury in this case is intentional in nature converts his claim to a common-law tort claim, *see Valencia v. Freeland & Lemm Constr. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003) ("Tennessee courts have created an exception to [§ 50-6-108(a)'s] exclusivity provision for intentional torts committed by an employer against an employee; these torts give rise to a common-law tort action for damages.").

So Mr. Tepe's claim—in which the workplace injury he complains of is the intentional infliction of emotional distress—does not arise under Tennessee's workers' compensation laws because it is "grounded in general principles of common law." *Id.* In other words, a claim for intentional infliction of emotional distress is "merely one iteration of a common law tort that potentially applies to a myriad of different wrongs," both inside *and* outside the workplace. *Id.*

(quotation omitted); *id.* at 787 (recognizing that if a claim is truly "a creature of workers' compensation law . . . it would have *no* application outside the workers' compensation context" (emphasis added)); *cf. id* at 787 (determining that a claim for retaliatory discharge "does not arise under the workers' compensation laws of Tennessee" because it is "available not only the workers' compensation context, but wherever 'the employer has violated a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision" (quoting *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994)). Indeed, courts routinely consider claims for intentional infliction of emotional distress in contexts external to the workplace. *See, e.g., Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 50–52 (Tenn. 2004).

Under § 1445(c), Mr. Tepe's action is therefore not one that arises under Tennessee's workers' compensation laws, despite the fact that he captions his complaint and his claim as arising under Tennessee's workers' compensation laws. *See Winters v. Taskila*, 88 F. 4th 665, 669 (6th Cir. 2023) (stating that "[s]ubstance, not style," governs the interpretation of a pro se pleading); *Sanders v. Ill. Dep't of Ctr. of Mgmt. Servs.*, 593 F. App'x 575, 577 (7th Cir. 2015) ("And we look at the substance in [the plaintiff's] filings in the district court rather than their captions, especially because [the plaintiff] is proceeding pro se." (citations omitted)); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) ("[T]he caption on a document does not matter." (citations omitted)); *Lewis v. Att'y Gen.*, 878 F.2d 714, 722 n.20 (3d Cir. 1989) (noting that courts may characterize pro se pleadings based on their substance rather than their label). Mr. Tepe's motion to remand [Doc. 17] is therefore **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge