UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MAWULE TEPE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:23-CV-00144-DCLC-CHS |
| WHIRLPOOL CORPORATION, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Whirlpool Corporation's Motion to Dismiss [Doc. 2] and Memorandum of Law in Support [Doc. 2-1]. For the reasons herein, the Court will grant the motion.

**I. BACKGROUND**

Mr. Tepe, who is acting pro se, is all too familiar to the Court. About two years ago, the Court declared him a vexatious litigant and permanently enjoined him from filing suit in this district after he had filed an "onslaught of lawsuits and motions." [Order at 2, *In re Mawule Tepe*, No. 1:23-mc-00025 (E.D. Tenn. Jan. 11, 2024), ECF No. 3]. Some of these lawsuits had originated in state court, and the defendants' attorneys in those cases had removed them to this Court. [*Id.* at 4]. This case is one of those cases.

In May 2023, Mr. Tepe, who alleges that he was a former employee of Defendant Whirlpool Corporation, sued Whirlpool in the Circuit Court for Bradley County, Tennessee. The caption of his complaint reads, "Workers Compensation Complaint." [State-Court Compl., Doc. 1-1, at 3], and the captain of his lone claim reads, "Violation of Tennessee Workers Compensation Laws," [*id.* at 7]. The workplace injury that he complains of is emotional distress.

*See* [*id.* at 1 ("Plaintiff . . . is a former Whirlpool Corporation's employee who was injured emotionally and psychologically at work[.]"). Specifically he alleges that he "sustained work injuries," namely in the form of "severe emotional distress," that "emanated from his former managers['] . . . . unreasonable and outrageous" conduct. [*Id.* at 2, 3, 5]. He further alleges that his former managers "intended to cause [him] emotional distress," [*id.* at 6], and that their alleged conduct was "outrageous," [*id.* at 5].

Whirlpool now moves to dismiss Mr. Tepe's claim. Mr. Tepe has not responded to Whirlpool's motion to dismiss. Having carefully considered Whirlpool's motion, the Court will now rule on it.

## II. LEGAL STANDARD

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that create a reasonable inference that the defendant is liable for the alleged conduct in the complaint. *Id.* When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's allegations as true and construes them in a light most favorable to the plaintiff. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," however. *Iqbal*, 556 U.S. at 678. A plaintiff's allegations must consist of more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *see Iqbal*, 556 U.S. at 678

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

### III. ANALYSIS

In Whirlpool's view, Mr. Tepe "actually sets out a claim for intentional infliction of emotional distress . . . not a claim for benefits under the workers' compensation statute," [Def.'s Mem. at 1], and it raises manifold arguments for the dismissal of that claim, ranging from untimeliness under the applicable statute of limitations to failure to state a plausible claim for relief. The Court must interpret Mr. Tepe's pleading liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but it gives effect to the substance of that pleading, not to its captions, *see Winters v. Taskila*, 88 F. 4th 665, 669 (6th Cir. 2023) (stating that "[s]ubstance, not style," governs the interpretation of a pro se pleading); *Sanders v. Ill. Dep't of Ctr. of Mgmt. Servs.*, 593 F. App'x 575, 577 (7th Cir. 2015) ("And we look at the substance in [the plaintiff's] filings in the district court rather than their captions, especially because [the plaintiff] is proceeding pro se." (citations omitted)); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) ("[T]he caption on a document does not matter." (citations omitted)); *Lewis v. Att'y Gen.*, 878 F.2d 714, 722 n.20 (3d Cir. 1989) (noting that courts may characterize pro se pleadings based on their substance rather than their label).

Although Mr. Tepe captions his claim, and his pleading, as arising under Tennessee's workers' compensation laws, it is in substance a claim for an intentional tort, specifically the intentional infliction of emotional distress. Again, the workplace injury that he complains of is emotional distress, *see* [State-Court Compl. at 1 (alleging that he "was injured emotionally and psychologically at work"), and throughout his pleading, he recurrently refers to his managers' infliction of the emotional distress as intentional. *See* [*id.* at 3 ("Whirlpool Corporation and its

3

managers . . . *intentionally* inflicted mental and emotional damages to Plaintiff[.]" (emphasis added)); *id.* at 6 ("[I]ts management's *intentional* and reckless actions can cause harms [sic] Plaintiff, likely result in mental distress." (emphasis added)); *id.* ("Whirlpool Corporation and managers . . . *intended* to cause Plaintiffs emotional distress." (emphasis added)); *id.* at 6–7 ("The *intentional* acts of Whirlpool Corporation and managers . . . caused Plaintiff to suffer harm and economic damages, for the cost of medical, psychological and/or anxiety and stress treatment[.]" (emphasis added)).

Also, whether Mr. Tepe realizes it or not, he is relying on the doctrine of respondeat superior—a doctrine that imposes liability on a principal in tort—in seeking to hold Whirlpool liable for its employees' conduct. *See Binns v. Trader Joe's East, Inc.*, 690 S.W.3d 241, 247 (Tenn. 2024) ("Under the common law doctrine of respondeat superior, 'an employee may be held liable for the torts committed by his or her employees while performing duties within the scope of employment.'" (quotation omitted)). And while Tennessee's workers' compensation laws offer the exclusive remedy for an injury arising in the workplace, *see* Tenn. Code Ann. § 50-6-108(a), Mr. Tepe's allegation that the injury in this case is intentional converts his claim to a common-law tort claim, *see Valencia v. Freeland & Lemm Constr. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003) ("Tennessee courts have created an exception to [§ 50-6-108(a)'s] exclusivity provision for intentional torts committed by an employer against an employee; these torts give rise to a common-law tort action for damages."). So, in sum, Mr. Tepe's claim—in substance rather than form—is one for intentional infliction of emotional distress, and the Court will treat it as such.

A claim for intentional infliction of emotional distress requires a plaintiff to allege that a defendant's conduct is intentional or reckless, so outrageous that a civilized society would not

4

Case 1:23-cv-00144-DCLC-CHS Document 28 Filed 02/27/26 Page 4 of 7 PageID #: 162

tolerate it, and caused the plaintiff to suffer a serious mental injury. *Lemon v. Williamson Cnty. Schs.*, 618 S.W.3d 1, 21 (Tenn. 2021). In claiming that Whirlpool's managers' conduct was outrageous, Mr. Tepe alleges they engaged in "repeated and perpetual bullying, harassment, discriminatory and retaliatory actions, unlawful disciplinary actions, unpaid bonuses, unpaid salaries, and unpaid salary raises." [State-Court Compl. at 3]. He also claims that his "mental and emotional injuries . . . emanated from" their "fraudulent breached [sic] of contract," "promissory fraud and promissory estoppel," and "conspiracy involving wrongful collusion actions motivated by hate, disdain, and racial profiling." [*Id.*]. Whirlpool argues that these allegations are insufficient to establish outrageous conduct. [Def.'s Mem. at 8–9].

"The burden for a plaintiff to demonstrate outrageous conduct is a high burden indeed," *Lemon*, 618 S.W.3d at 21, and the Court agrees with Whirlpool's argument that Mr. Tepe does not meet this high burden. At the pleading stage, "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Id.* (alteration in original) (quotation omitted). Outrageous conduct does not include "mere insults, indignities, threats, annoyances, petty oppression or other trivialities." *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997) (quotation omitted). In fact, tortious, malicious, and even criminal conduct do not necessarily constitute outrageous conduct, and neither does conduct that would entitle a plaintiff to recover punitive damages. *Lemon*, 618 S.W.3d at 21. To qualify as outrageous, conduct must be "so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (quotation omitted).

Mr. Tepe's complaints of discrimination, harassment, and retaliation do not constitute outrageous conduct. *See Arnett v. Domino's Pizza I, LLC*, 124 S.W.3d 529, 540 (Tenn. Ct. App.

5

Case 1:23-cv-00144-DCLC-CHS   Document 28   Filed 02/27/26   Page 5 of 7   PageID #: 163

2003) ("[D]iscriminatory conduct does not automatically give rise to the imposition of liability for intentional infliction of emotional distress."); *see also West v. Genuine Parts Co.*, No. 3:11–CV–252, 2011 WL 4356361, at *2 (E.D. Sept. 16, 2011) ("Being terminated from his job, even if such termination is found to be wrongful or discriminatory, does not constitute outrageous conduct for the purposes of the tort of intentional infliction of emotional distress. (citation omitted)); *Briordy v. Chloe Foods Corp.*, No. 3:07-0295, 2008 WL 587503, at *10 (M.D. Tenn. Feb. 29, 2008) (determining that the plaintiff's claim for harassment in the workplace did not rise to the level of outrageous conduct).

And as for Mr. Tepe's allegations that his former managers caused him to experience outrageous conduct in the form of "fraudulent breached [sic] of contract," "promissory fraud and promissory estoppel," and "conspiracy involving wrongful collusion actions motivated by hate, disdain, and racial profiling," [State-Court Compl. at 3], these allegations are entirely conclusory, consisting of no underlying facts. Mr. Tepe acknowledges as much, expressing his intent to elaborate on them in a separate pleading. *See* [*id.* at ("Plaintiff will file a separate complaint regarding their latest unlawful and tortious actions his [sic] was victim of.")]. His conclusory allegations are inadequate to sustain his claim for intentional infliction of emotional distress. *Iqbal*, 556 U.S. at 678. He therefore fails to allege a plausible claim for intentional infliction of emotional distress, and that claim is **DISMISSED**.[1]

---

[1] "The court has a responsibility . . . to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim," *Friedmann v. Campbell*, No. 98-6728, 1999 WL 1045281, at *1 (6 th Cir. Nov. 8, 1999) (citation omitted), but the Court finds no basis to conclude that Mr. Tepe, with the opportunity to amend his pleading, will be able to state a meritorious claim for intentional infliction of emotional distress.

6

Case 1:23-cv-00144-DCLC-CHS   Document 28   Filed 02/27/26   Page 6 of 7   PageID #: 164

## IV. Conclusion

Whirlpool is entitled to the dismissal of Mr. Tepe's claim for intentional infliction of emotional distress. Whirlpool's motion to dismiss [Doc 2] is therefore **GRANTED**, and Mr. Tepe's claim for intentional infliction of emotional distress is hereby **DISMISSED**. Mr. Tepe's Motion to Expedite Consideration of Pending Motions and/or Emergency Motion to Set [Doc. 18] and Motion to Proceed in Forma Pauperis [Doc. 19] are **DENIED AS MOOT**, and Chief United States Magistrate Judge Christopher H. Steger's Report and Recommendation [Doc. 22] is **REJECTED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge